UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAB, LLC and DAVID ANTHONY BABB, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PROSECUTOR/LEGAL COUNSEL MS. ) <br> KATHERINE DAHLHEIM and CITY OF ) <br> CHARLESTON, SOUTH CAROLINA, ) <br> ) <br> Defendants. ) <br> _____) | C/A No.: 2:24-cv-05910-RMG-MHC <br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND** |

Defendants Prosecutor/Legal Counsel Ms. Katherine Dahlheim ("Ms. Dahlheim") and City of Charleston, South Carolina (the "City") (together, "Defendants"), by and through their undersigned counsel, respectfully submit this response in opposition to Plaintiff's "Motion to Amend His Complaint and Supplement His Motion to Remand to Delete and/or Dismiss Federal Claims" (ECF 23, the "Motion").

As a preliminary matter, Defendants currently have a pending motion to dismiss Ms. Dahlheim. (ECF 4). Despite attempting to get two bites at the apple (ECF 14, ECF 19), Plaintiff has failed to offer any viable argument to support his claims against Ms. Dahlheim, who should be dismissed for all the reasons set forth in her motion to dismiss and related briefing. (*See* ECF 4, 12, and 21). Plaintiff should not be allowed to amend his complaint simply to avoid an adverse ruling in the face of a pending dispositive motion. *See Ledbetter v. Beaufort Cnty. Sch. Dist.*, 2022 WL 2359078, at *2 (D.S.C. June 30, 2022) (recognizing that "courts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions" and citing *Sandcrest v. Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1149 (4th Cir. 1988)).

Thus, Plaintiff's Motion further demonstrates why this Court should issue an order dismissing Ms. Dahlheim, with prejudice.

Plaintiff has filed his Motion seeking to amend his Complaint to purportedly "delete and/or dismiss his federal claims." (ECF 23). Plaintiff appears to equivocate, however, to the extent he would "delete all federal claims, except those with a state counterpart." (*Id*.). Plaintiff has not submitted the requisite proposed amended complaint that would enable the Court and Defendants to fully assess his amendments and the futility of what may remain. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (holding that "a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules," internal quotations and citations omitted). Regardless, Defendants oppose any amendment that would permit Plaintiff to drop his federal claims or any state claims with embedded federal questions[1] without prejudice. Defendants have incurred substantial time and expense in this and related litigation to date and seek a resolution of all federal issues on their merits, and this is the forum in which such issues should be decided. It would be inequitable to permit Plaintiff to amend his complaint solely to obtain a remand after which he could attempt to raise his federal questions again in state court.[2]

Accordingly, Defendants respectfully submit that Plaintiff's Motion should be denied in favor of an order that dismisses all federal claims and any embedded federal questions with prejudice. Under the doctrine of res judicata, such an order would protect Defendants from any

---

[1] *See, e.g., Republican Nat'l Comm. v. N. Carolina State Bd. of Elections*, 120 F.4th 390, 399-400 (4th Cir. 2024) (recognizing that claims "though brought under state law, contain[] an embedded federal question giving rise to federal jurisdiction under [28 U.S.C.] Section 1331"); *see also* (ECF 11, pp. 5-9).

[2] As noted in Defendants' surresponse to Plaintiff's motion to remand, Plaintiff has previously proposed a "piecemeal" approach whereby he would have his state law claims decided before his federal claims. (*See* ECF 18, p. 2).

attempt by Plaintiff to resurrect these claims and issues or any other federal claims that could have been asserted to date. Then, all parties could move on with a resolution of the purely state claims. In such an event, Defendants agree that it would be appropriate to remand the remaining state law claims, which consist of claims for declaratory and injunctive relief.

    For all the foregoing reasons, and any others the Court deems appropriate, Plaintiff's Motion should be denied and the Court should issue an order dismissing Ms. Dahlheim and all federal claims and causes of action with prejudice.

    Respectfully submitted,

    CHANDLER & DUDGEON LLC

    <u>s/J. Matthew Johnson</u>
    J.W. Nelson Chandler, Fed ID #7593
    Email: nelson@chandlerdudgeon.com
    J. Matthew Johnson, Fed ID # 11391
    Email: matt@chandlerdudgeon.com
    P.O. Box 547
    Charleston, SC 29402
    Phone: (843) 577-5410
    Fax: (843) 577-5650

    *Attorneys for Defendants*

February 6, 2025

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| DAB, LLC and DAVID ANTHONY BABB, ) | |
| ) | C/A No.: 2:24-cv-05910-RMG-MHC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| PROSECUTOR/LEGAL COUNSEL MS. ) | |
| KATHERINE DAHLHEIM and CITY OF ) | |
| CHARLESTON, SOUTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The undersigned hereby certifies that a true copy of the foregoing ***DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND*** was served this day, February 6, 2025, on the pro se parties below by depositing the same in the United States mail, postage pre-paid and affixed hereto, and addressed to the following:

DAB, LLC
c/o David Anthony Babb
P.O. Box 522
Charleston, SC 29402

*Plaintiff Pro Se*

David Anthony Babb
P.O. Box 522
Charleston, SC 29402

*Plaintiff Pro Se*


CHANDLER & DUDGEON LLC

s/J. Matthew Johnson
J.W. Nelson Chandler, Fed ID #7593
Email: nelson@chandlerdudgeon.com
J. Matthew Johnson, Fed ID # 11391
Email: matt@chandlerdudgeon.com
P.O. Box 547
Charleston, SC 29402
Phone: (843) 577-5410
Fax: (843) 577-5650

4