IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Anthony Babb and DAB, LLC,<br><br>   Plaintiffs,<br> v.<br><br>Katherine Dahlheim and City of Charleston, South Carolina<br><br>   Defendants. | Case No. 2:24-cv-5910-RMG<br><br><br>**ORDER** |

  Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Plaintiffs' case be remanded to the Charleston County Court of Common Pleas because Plaintiffs' Amended Complaint asserts only claims arising under state law. (Dkt. No. 33). The parties were given notice that they had 14 days to file written objections to the R & R and were advised that the failure to file written objections would result in limited clear error review and the waiver of the right to appeal the judgment of the District Court. (*Id*. at 6). No party filed an objection. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and remands this case to the Charleston County Court of Common Pleas.

  **I. Introduction**

  Plaintiffs, acting pro se, filed an action in state court challenging the legality of various City of Charleston ordinances relating to watercraft offenses. Defendant sought declaratory and injunctive relief. Plaintiffs' claims were based on federal statutory and constitutional grounds as well as state common law grounds. (Dkt. No. 1-1). Defendants removed the case to federal court because of the assertion of federal claims. (Dkt. No. 1). Plaintiffs moved to remand the case to state court and filed an Amended Complaint removing all federal claims and causes of actions. (Dkt. Nos. 7, 31). The Magistrate Judge's R & R thereafter followed, finding that the Court no

longer had federal jurisdiction over the case since Plaintiffs' claims were exclusively based on state law. (Dkt. No. 33 at 4-5). The Magistrate Judge recommended that the case be remanded to state court. No objections to the R & R were filed by any party.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.   Discussion

The Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the Court has no jurisdiction over this case since the claims are based exclusively on state law. In the absence of any objections and after conducting an appropriate review, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 33) as the order of the Court and hereby remands the case to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel<br>Richard Mark Gergel<br>United States District Judge

April 7, 2025
Charleston, South Carolina